IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: | CASE NO. 14-00715-JCO |
| EASTERN SHORE HOSPITALITY AND DESIGN, LLC, DEBTOR | CHAPTER 7 |
| EASTERN SHORE HOSPITALITY AND DESIGN, LLC | PLAINTIFF |
| V. | ADVERSARY NO. _____ |
| TWIN PEAKS, LLC, JANKU, INC. A.B.N.K., INC., PINEBELT HOTELS, INC. LAUREL HOTELS I, INC., HATTIESBURG HOTELS, INC., B&K MANAGEMENT, INC., ELLISVILLE HOSPITALITY, INC., AND GULFPORT ENTERPRISES, INC. | DEFENDANTS |



## COMPLAINT

**COMES NOW**, by and through the undersigned counsel, the Plaintiff, Eastern Shore Hospitality and Design, LLC (hereinafter referred to as "Eastern Shore"), and hereby files this, its Adversary Complaint, pursuant to F.R.B.P. 7001, and in support thereof would show unto the Court the following, to-wit:

### PARTIES

1. Eastern Shore is a limited liability company duly organized in the state of Alabama, registered with the Secretary of State and in good standing, and is the debtor in this proceeding.

2. Defendant Twin Peaks, LLC is a limited liability company duly organized in the state of Mississippi, registered with the Secretary of State and in good standing, which can be served with process upon its registered agent (Sanjiv Bhakta) at 1138 Beach Boulevard, Biloxi, Mississippi 39530.

3. Defendant Janku, Inc. is a corporation duly incorporated in the state of Mississippi, registered with the Secretary of State and in good standing, which can be served with process upon its registered agent (Bharat B. Patel) at 101 Highway 11 North and I-59, Laurel, Mississippi 39441.

4. Defendant A.B.N.K., Inc. is a corporation duly incorporated in the state of Mississippi, registered with the Secretary of State and in good standing, which can be served with process upon its registered agent (Bharat B. Patel) at 305 16th Avenue North, Laurel, Mississippi 39440.

5. Defendant Pinebelt Hotels, Inc. is a corporation duly incorporated in the state of Mississippi, registered with the Secretary of State and in good standing, which can be served with process upon its registered agent (Bharat B. Patel) at 101 Highway 11 North and I-59, Laurel, Mississippi 39440.

6. Defendant Laurel Hotels I, Inc. is a corporation duly incorporated in the state of Mississippi, registered with the Secretary of State and in good standing, which can be served with process upon its registered agent (B. B. Patel) at 306 South 16th Avenue, Laurel, Mississippi 39440.

7. Defendant Hattiesburg Hotels, Inc. is a corporation duly incorporated in the state of Mississippi, registered with the Secretary of State and in good standing, which can be served with process upon its registered agent (Bharat B. Patel) at 101 Highway 11 North and I-59, Laurel, Mississippi 39440.

8. Defendant B&K Management, Inc. is a corporation duly incorporated in the state of Mississippi, registered with the Secretary of State and in good standing, which can be

served with process upon its registered agent (Bharat B. Patel) at 101 Highway 11 North and I-59, Laurel, Mississippi 39440.

9. Defendant Ellisville Hospitality, Inc. is a corporation duly incorporated in the state of Mississippi, registered with the Secretary of State and in good standing, which can be served with process upon its registered agent (Bharat B. Patel) at 1102 North Highway 29, Ellisville, Mississippi 39437.

10. Defendant Gulfport Enterprises, LLC is a limited liability company duly organized in the state of Mississippi, registered with the Secretary of State but dissolved, which can be served with process upon its registered agent (Suresh A. Bhula) at 9121 Highway 49, Gulfport, Mississippi 39503.

11. Terrie S. Owens is the Chapter 7 Trustee appointed by this Court whose office is located in Mobile, Alabama.

## JURISDICTION AND VENUE

12. This Court has subject matter and personal jurisdiction pursuant to 28 U.S.C.A. §§ 157 and 1334, as well as 11 U.S.C.A. § 542. This adversary proceeding, arising in the above-referenced case under Chapter 7 of the Bankruptcy Code, is a core proceeding pursuant to the terms of 28 U.S.C.A. § 157(b)(2)(E).

13. Venue in the Southern District of Alabama is proper pursuant to the provisions of 28 U.S.C.A. § 1409(a).

## STATEMENT OF FACTS

14. The Plaintiff used to conduct business as a hotel furnishing retailer. The Plaintiff conducted business with various hotels, each of which were owned by one of the

Defendants named herein. The Plaintiff did not initially charge or collect Mississippi sales tax on the invoices billed to each Defendant.

15. The Mississippi Department of Revenue conducted a sales tax audit of the Plaintiff's business records for the 2007 through 2010 tax years. The Mississippi Department of Revenue determined that the Plaintiff should have been collecting Mississippi sales tax on invoices billed to its Mississippi customers.

16. On April 24, 2013, the Plaintiff sent written correspondence to each Mississippi hotel that was billed between 2007 through 2010. Such correspondence explained that the Plaintiff recently discovered it should have collected Mississippi sales tax from the respective customer and requested that such customer remit the total amount of sales tax due on all invoices previously paid. Such correspondence indicated that if the sales tax requested is not received, the Mississippi Department of Revenue indicated they would conduct sales and use tax audits of each of the Plaintiff's customers.

17. The Plaintiff never received a response from the Defendants and never received the requested sales tax amounts. Therefore, the Mississippi Department of Revenue issued a sales tax assessment against the Plaintiff.

18. The Plaintiff, also the Debtor in this matter, filed for relief under Chapter 7 of the Bankruptcy Code on March 7, 2014 (Dkt. 1). Terrie S. Owens was appointed the Chapter 7 Trustee.

19. The Mississippi Department of Revenue, a creditor in this proceeding, filed a proof of claim (Claim No. 2-1) on September 9, 2014 and subsequently filed an amended proof of claim (Claim No. 2-2) on August 3, 2017 for the amount of sales tax owed by the Plaintiff.

## COUNT 1 – TURNOVER OF PROPERTY TO THE ESTATE
## AS TO DEFENDANT TWIN PEAKS, LLC

20. To the Plaintiff's knowledge and/or belief, Defendant Twin Peaks, LLC owns and/or operates the Hampton Inn in Biloxi, Mississippi.

21. On November 19, 2009, Defendant Twin Peaks, LLC purchased certain items from the Plaintiff for the Hampton Inn in Biloxi, and the Plaintiff issued an invoice (Invoice No. 6900) to Defendant Twin Peaks, LLC for $50,000.00.

22. On December 28, 2009, Defendant Twin Peaks, LLC purchased certain items from the Plaintiff for the Hampton Inn in Biloxi, and the Plaintiff issued an invoice (Invoice No. 6920) to Defendant Twin Peaks, LLC for $50,000.00.

23. On April 1, 2010, Defendant Twin Peaks, LLC purchased certain items from the Plaintiff for the Hampton Inn in Biloxi, and the Plaintiff issued an invoice (Invoice No. 6998) to Defendant Twin Peaks, LLC for $20,000.00.

24. On May 7, 2010, Defendant Twin Peaks, LLC purchased certain items from the Plaintiff for the Hampton Inn in Biloxi, and the Plaintiff issued an invoice (Invoice No. 270473) to Defendant Twin Peaks, LLC for $14,076.66.

25. On June 11, 2010, Defendant Twin Peaks, LLC purchased certain items from the Plaintiff for the Hampton Inn in Biloxi, and the Plaintiff issued an invoice (Invoice No. 7017) to Defendant Twin Peaks, LLC for $30,000.00.

26. Defendant Twin Peaks, LLC did not remit any Mississippi sales tax to the Plaintiff when it paid the above-referenced invoices.

27. On April 23, 2013, the Plaintiff transmitted written correspondence to Defendant Twin Peaks, LLC at the Hampton Inn in Biloxi. Such correspondence advised Defendant Twin Peaks, LLC that the Plaintiff had been audited by the Mississippi Department of Revenue

and it was determined that the Plaintiff was required to collect sales tax on all of its invoices from 2007 to 2010. Therefore, such correspondence provided written demand to Defendant Twin Peaks, LLC for the sales tax which should have been collected and is now owed on invoice nos. 6900, 6920, 6998, 270473, and 7017 within fifteen (15) days.

28. The total amount of sales tax owed by Defendant Twin Peaks, LLC for all the aforementioned invoices is $11,485.37. Defendant Twin Peaks, LLC owes this $11,485.37 to the Plaintiff. Defendant Twin Peaks, LLC never responded to the Plaintiff's written demand dated April 23, 2013 and has yet to remit the balance owed to the Plaintiff.

29. As this balance is owed to the Plaintiff, pursuant to 11 U.S.C.A. § 542, such balance should be turned over to the estate.

## COUNT 2 – TURNOVER OF PROPERTY TO THE ESTATE AS TO DEFENDANT JANKU, INC.

30. To the Plaintiff's knowledge and/or belief, Defendant Janku, Inc. owns and/or operates the Econo Lodge in Hattiesburg, Mississippi.

31. On July 10, 2008, Defendant Janku, Inc. purchased certain items from the Plaintiff for the Econo Lodge in Hattiesburg, and the Plaintiff issued an invoice (Invoice No. 4464) to Defendant Janku, Inc. for $712.80.

32. On September 22, 2008, Defendant Janku, Inc. purchased certain items from the Plaintiff for the Econo Lodge in Hattiesburg, and the Plaintiff issued an invoice (Invoice No. 4564) to Defendant Janku, Inc. for $191.20.

33. Defendant Janku, Inc. did not remit any Mississippi sales tax to the Plaintiff when it paid the above-referenced invoices.

34. On April 23, 2013, the Plaintiff transmitted written correspondence to Defendant Janku, Inc. at the Econo Lodge in Hattiesburg. Such correspondence advised Defendant Janku, Inc. that the Plaintiff had been audited by the Mississippi Department of Revenue and it was determined that the Plaintiff was required to collect sales tax on all of its invoices from 2007 to 2010. Therefore, such correspondence provided written demand to Defendant Janku, Inc. for the sales tax which should have been collected and is now owed on invoice nos. 4464 and 4564 within fifteen (15) days.

35. The total amount of sales tax owed by Defendant Janku, Inc. for all the aforementioned invoices is $63.28. Defendant Janku, Inc. owes this $63.28 to the Plaintiff. Defendant Janku, Inc. never responded to the Plaintiff's written demand dated April 23, 2013 and has yet to remit the balance owed to the Plaintiff.

36. As this balance is owed to the Plaintiff, pursuant to 11 U.S.C.A. § 542, such balance should be turned over to the estate.

### COUNT 3 – TURNOVER OF PROPERTY TO THE ESTATE AS TO DEFENDANT A.B.N.K., INC.

37. To the Plaintiff's knowledge and/or belief, Defendant A.B.N.K., Inc. owns and/or operates the Econo Lodge in Laurel, Mississippi.

38. On July 10, 2008, Defendant A.B.N.K., Inc. purchased certain items from the Plaintiff for the Econo Lodge in Laurel, and the Plaintiff issued an invoice (Invoice No. 4527) to Defendant A.B.N.K., Inc. for $6,491.04.

39. On September 19, 2008, Defendant A.B.N.K., Inc. purchased certain items from the Plaintiff for the Econo Lodge in Laurel, and the Plaintiff issued an invoice (Invoice No. 4629) to Defendant A.B.N.K., Inc. for $2,106.94.

40. On February 19, 2009, Defendant A.B.N.K, Inc. purchased certain items from the Plaintiff for the Econo Lodge in Laurel, and the Plaintiff issued an invoice (Invoice No. 121128) to Defendant A.B.N.K., Inc. for $2,042.15.

41. On April 27, 2009, Defendant A.B.N.K., Inc. purchased certain items from the Plaintiff for the Econo Lodge in Laurel, and the Plaintiff issued two separate invoices (Invoice Nos. 4931 and 4932) to Defendant A.B.N.K., Inc. for $2,920.14 and $2,224.88, respectively.

42. Defendant A.B.N.K., Inc. did not remit any Mississippi sales tax to the Plaintiff when it paid the above-referenced invoices.

43. On April 23, 2013, the Plaintiff transmitted written correspondence to Defendant A.B.N.K., Inc. at the Econo Lodge in Laurel. Such correspondence advised Defendant A.B.N.K., Inc. that the Plaintiff had been audited by the Mississippi Department of Revenue and it was determined that the Plaintiff was required to collect sales tax on all of its invoices from 2007 to 2010. Therefore, such correspondence provided written demand to Defendant A.B.N.K., Inc. for the sales tax which should have been collected and is now owed on invoice nos. 4527, 4629, 121128, 4931, and 4932 within fifteen (15) days.

44. The total amount of sales tax owed by Defendant A.B.N.K., Inc. for all the aforementioned invoices is $1,104.96. Defendant A.B.N.K., Inc. owes this $1,104.96 to the Plaintiff. Defendant A.B.N.K., Inc. never responded to the Plaintiff's written demand dated April 23, 2013 and has yet to remit the balance owed to the Plaintiff.

45. As this balance is owed to the Plaintiff, pursuant to 11 U.S.C.A. § 542, such balance should be turned over to the estate.

## COUNT 4 – TURNOVER OF PROPERTY TO THE ESTATE AS TO DEFENDANT PINEBELT HOTELS, INC.

46. To the Plaintiff's knowledge and/or belief, Defendant Pinebelt Hotels, Inc. owns and/or operates the Magnolia Hotel in Laurel, Mississippi.

47. On February 19, 2009, Defendant Pinebelt Hotels, Inc. purchased certain items from the Plaintiff for the Magnolia Hotel in Laurel, and the Plaintiff issued an invoice (Invoice No. 121129) to Defendant Pinebelt Hotels, Inc. for $1,217.00.

48. Defendant Pinebelt Hotels, Inc. did not remit any Mississippi sales tax to the Plaintiff when it paid the above-referenced invoices.

49. On April 23, 2013, the Plaintiff transmitted written correspondence to Defendant Pinebelt Hotels, Inc. at the Magnolia Hotel in Laurel. Such correspondence advised Defendant Pinebelt Hotels, Inc. that the Plaintiff had been audited by the Mississippi Department of Revenue and it was determined that the Plaintiff was required to collect sales tax on all of its invoices from 2007 to 2010. Therefore, such correspondence provided written demand to Defendant Pinebelt Hotels, Inc. for the sales tax which should have been collected and is now owed on invoice no. 121129 within fifteen (15) days.

50. The total amount of sales tax owed by Defendant A.B.N.K., Inc. for the aforementioned invoice is $85.19. Defendant Pinebelt Hotels, Inc. owes this $85.19 to the Plaintiff. Defendant Pinebelt Hotels, Inc. never responded to the Plaintiff's written demand dated April 23, 2013 and has yet to remit the balance owed to the Plaintiff.

51. As this balance is owed to the Plaintiff, pursuant to 11 U.S.C.A. § 542, such balance should be turned over to the estate.

## COUNT 5 – TURNOVER OF PROPERTY TO THE ESTATE
## AS TO DEFENDANT LAUREL HOTELS I, INC.

52. To the Plaintiff's knowledge and/or belief, Defendant Laurel Hotels I, Inc. owns and/or operates the Hampton Inn in Laurel, Mississippi.

53. On April 1, 2009, Defendant Laurel Hotels I, Inc. purchased certain items from the Plaintiff for the Hampton Inn in Laurel, and the Plaintiff issued an invoice to Defendant Laurel Hotels I, Inc. for $250,000.00.

54. On June 15, 2009, Defendant Laurel Hotels I, Inc. purchased certain items from the Plaintiff for the Hampton Inn in Laurel, and the Plaintiff issued an invoice (Invoice No. 1011) to Defendant Laurel Hotels, Inc. for $60,000.00.

55. On August 5, 2009, Defendant Laurel Hotels I, Inc. purchased certain items from the Plaintiff for the Hampton Inn in Laurel, and the Plaintiff issued an invoice (Invoice No. 1015) to Defendant Laurel Hotels I, Inc. for $5,686.62.

56. On August 27, 2009, Defendant Laurel Hotels I, Inc. purchased certain items from the Plaintiff for the Hampton Inn in Laurel, and the Plaintiff issued an invoice (Invoice No. 1019) to Defendant Laurel Hotels I, Inc. for $75,000.00.

57. On October 15, 2009, Defendant Laurel Hotels I, Inc. purchased certain items from the Plaintiff for the Hampton Inn in Laurel, and the Plaintiff issued an invoice (Invoice No. 1053) to Defendant Laurel Hotels I, Inc. for $74,856.10.

58. On November 12, 2019, Defendant Laurel Hotels I, Inc. purchased certain items from the Plaintiff for the Hampton Inn in Laurel, and the Plaintiff issued an invoice (Invoice No. 1088) to Defendant Laurel Hotels I, Inc. for $20,000.00.

59. On November 13, 2009, Defendant Laurel Hotels I, Inc. purchased certain items from the Plaintiff for the Hampton Inn in Laurel, and the Plaintiff issued an invoice (Invoice No. 1087) to Defendant Laurel Hotels I, Inc. for $20,000.00.

60. On November 25, 2009, Defendant Laurel Hotels I, Inc. purchased certain items from the Plaintiff for the Hampton Inn in Laurel, and the Plaintiff issued an invoice to Defendant Laurel Hotels I, Inc. for $20,000.00.

61. On January 9, 2010, Defendant Laurel Hotels I, Inc. purchased certain items from the Plaintiff for the Hampton Inn in Laurel, and the Plaintiff issued an invoice (Invoice No. 1154) to Defendant Laurel Hotels I, Inc. for $20,000.00.

62. On January 21, 2010, Defendant Laurel Hotels I, Inc. purchased certain items from the Plaintiff for the Hampton Inn in Laurel, and the Plaintiff issued an invoice (Invoice No. 1155) to Defendant Laurel Hotels I, Inc. for $20,000.00.

63. Defendant Laurel Hotels I, Inc. did not remit any Mississippi sales tax to the Plaintiff when it paid the above-referenced invoices.

64. On April 23, 2013, the Plaintiff transmitted written correspondence to Defendant Laurel Hotels I, Inc. at the Hampton Inn in Laurel. Such correspondence advised Defendant Laurel Hotels, Inc. that the Plaintiff had been audited by the Mississippi Department of Revenue and it was determined that the Plaintiff was required to collect sales tax on all of its invoices from 2007 to 2010. Therefore, such correspondence provided written demand to Defendant Laurel Hotels, Inc. for the sales tax which should have been collected and is now owed on invoice nos. 1011, 1015, 1019, 1053, 1088, 1087, 1154, 1155, and the two other invoices, within fifteen (15) days.

65. The total amount of sales tax owed by Defendant Laurel Hotels I, Inc. for all the aforementioned invoices is $39,587.99. Defendant Laurel Hotels I, Inc. owes this $39,587.99 to the Plaintiff. Defendant Laurel Hotels I, Inc. never responded to the Plaintiff's written demand dated April 23, 2013 and has yet to remit the balance owed to the Plaintiff.

66. As this balance is owed to the Plaintiff, pursuant to 11 U.S.C.A. § 542, such balance should be turned over to the estate.

### COUNT 6 – TURNOVER OF PROPERTY TO THE ESTATE AS TO DEFENDANT HATTIESBURG HOTELS, INC.

67. To the Plaintiff's knowledge and/or belief, Defendant Hattiesburg Hotels, Inc. owns and/or operates the Sleep Inn in Hattiesburg, Mississippi.

68. On February 19, 2008, Defendant Hattiesburg Hotels, Inc. purchased certain items from the Plaintiff for the Sleep Inn in Hattiesburg, and the Plaintiff issued an invoice (Invoice No. 1009) to Defendant Hattiesburg Hotels, Inc. for $175,000.00.

69. On June 9, 2008, Defendant Hattiesburg Hotels, Inc. purchased certain items from the Plaintiff for the Sleep Inn in Hattiesburg, and the Plaintiff issued an invoice (Invoice No. 1034) to Defendant Hattiesburg Hotels, Inc. for $100,000.00.

70. On July 29, 2008, Defendant Hattiesburg Hotels, Inc. purchased certain items from the Plaintiff for the Sleep Inn in Hattiesburg, and the Plaintiff issued an invoice (Invoice No. 1055) to Defendant Hattiesburg, Inc. for $44,227.93.

71. On December 22, 2008, Defendant Hattiesburg Hotels, Inc. purchased certain items from the Plaintiff for the Sleep Inn in Hattiesburg, and the Plaintiff issued an invoice (Invoice No. 1247) to Defendant Hattiesburg Hotels, Inc. for $951.03.

72. Defendant Hattiesburg Hotels, Inc. did not remit any Mississippi sales tax to the Plaintiff when it paid the above-referenced invoices.

73. On April 23, 2013, the Plaintiff transmitted written correspondence to Defendant Hattiesburg Hotels, Inc. at the Sleep Inn in Hattiesburg. Such correspondence advised Defendant Hattiesburg Hotels, Inc. that the Plaintiff had been audited by the Mississippi Department of Revenue and it was determined that the Plaintiff was required to collect sales tax on all of its invoices from 2007 to 2010. Therefore, such correspondence provided written demand to Defendant Hattiesburg Hotels, Inc. for the sales tax which should have been collected and is now owed on invoice nos. 1009, 1034, 1055, and 1247 within fifteen (15) days.

74. The total amount of sales tax owed by Defendant Hattiesburg Hotels, Inc. for all the aforementioned invoices is $22,412.53. Defendant Hattiesburg Hotels, Inc. owes this $22,412.53 to the Plaintiff. Defendant Hattiesburg Hotels, Inc. never responded to the Plaintiff's written demand dated April 23, 2013 and has yet to remit the balance owed to the Plaintiff.

75. As this balance is owed to the Plaintiff, pursuant to 11 U.S.C.A. § 542, such balance should be turned over to the estate.

### COUNT 7 – TURNOVER OF PROPERTY TO THE ESTATE AS TO DEFENDANT B&K MANAGEMENT, INC.

76. To the Plaintiff's knowledge and/or belief, Defendant B&K Management, Inc. owns and/or operates the Best Western in Laurel, Mississippi.

77. On December 10, 2009, Defendant B&K Management, Inc. purchased certain items from the Plaintiff for the Best Western in Laurel, and the Plaintiff issued an invoice (Invoice No. 1324) to Defendant B&K Management, Inc. for $3,000.00.

78. On January 25, 2010, Defendant B&K Management, Inc. purchased certain items from the Plaintiff for the Best Western in Laurel, and the Plaintiff issued an invoice (Invoice No. 1373) to Defendant B&K Management, Inc. for $11,000.00.

79. On February 15, 2010, Defendant B&K Management, Inc. purchased certain items from the Plaintiff for the Best Western in Laurel, and the Plaintiff issued an invoice (Invoice No. 1390) to Defendant B&K Management, Inc. for $15,653.98.

80. On March 2, 2010, Defendant B&K Management, Inc. purchased certain items from the Plaintiff for the Best Western in Laurel, and the Plaintiff issued an invoice (Invoice No. 1410) to Defendant B&K Management, Inc. for $5,717.89.

81. Defendant B&K Management, Inc. did not remit any Mississippi sales tax to the Plaintiff when it paid the above-referenced invoices.

82. On April 23, 2013, the Plaintiff transmitted written correspondence to Defendant B&K Management, Inc. at the Best Western in Laurel. Such correspondence advised Defendant B&K Management, Inc. that the Plaintiff had been audited by the Mississippi Department of Revenue and it was determined that the Plaintiff was required to collect sales tax on all of its invoices from 2007 to 2010. Therefore, such correspondence provided written demand to Defendant B&K Management, Inc. for the sales tax which should have been collected and is now owed on invoice nos. 1324, 1373, 1390, and 1410 within fifteen (15) days.

83. The total amount of sales tax owed by Defendant B&K Management, Inc. for all the aforementioned invoices is $2,476.03. Defendant B&K Management, Inc. owes this $2,476.03 to the Plaintiff. Defendant B&K Management, Inc. never responded to the

Plaintiff's written demand dated April 23, 2013 and has yet to remit the balance owed to the Plaintiff.

84. As this balance is owed to the Plaintiff, pursuant to 11 U.S.C.A. § 542, such balance should be turned over to the estate.

### COUNT 8 – TURNOVER OF PROPERTY TO THE ESTATE AS TO DEFENDANT ELLISVILLE HOSPITALITY, INC.

85. To the Plaintiff's knowledge and/or belief, Defendant Ellisville Hospitality, Inc. owns and/or operates the Best Western in Ellisville, Mississippi.

86. On September 15, 2008, Defendant Ellisville Hospitality, Inc. purchased certain items from the Plaintiff for the Best Western in Ellisville, and the Plaintiff issued an invoice (Invoice No. 4751) to Defendant Ellisville Hospitality, Inc. for $15,000.00.

87. On October 29, 2008, Defendant Ellisville Hospitality, Inc. purchased certain items from the Plaintiff for the Best Western in Ellisville, and the Plaintiff issued an invoice (Invoice No. 4785) to Defendant Ellisville Hospitality, Inc. for $13,431.75.

88. On October 31, 2008, Defendant Ellisville Hospitality, Inc. purchased certain items from the Plaintiff for the Best Western in Ellisville, and the Plaintiff issued an invoice (Invoice No. 4790) to Defendant Ellisville Hospitality, Inc. for $4,879.60.

89. On November 12, 2008, Defendant Ellisville Hospitality, Inc. purchased certain items from the Plaintiff for the Best Western in Ellisville, and the Plaintiff issued an invoice (Invoice No. 4794) to Defendant Ellisville Hospitality, Inc. for $29,028.50.

90. On June 22, 2009, Defendant Ellisville Hospitality, Inc. purchased certain items from the Plaintiff for the Best Western in Ellisville, and the Plaintiff issued an invoice (Invoice No. 4979) to Defendant Ellisville Hospitality, Inc. for $50.00.

91. Defendant Ellisville Hospitality, Inc. did not remit any Mississippi sales tax to the Plaintiff when it paid the above-referenced invoices.

92. On April 23, 2013, the Plaintiff transmitted written correspondence to Defendant Ellisville Hospitality, Inc. at the Best Western in Ellisville. Such correspondence advised Defendant Ellisville Hospitality, Inc. that the Plaintiff had been audited by the Mississippi Department of Revenue and it was determined that the Plaintiff was required to collect sales tax on all of its invoices from 2007 to 2010. Therefore, such correspondence provided written demand to Defendant Ellisville Hospitality, Inc. for the sales tax which should have been collected and is now owed on invoice nos. 4751, 4785, 4790, 4794, and 4979 within fifteen (15) days.

93. The total amount of sales tax owed by Defendant Ellisville Hospitality, Inc. for all the aforementioned invoices is $4,367.29. Defendant Ellisville Hospitality, Inc. owes this $4,367.29 to the Plaintiff. Defendant Ellisville Hospitality, Inc. never responded to the Plaintiff's written demand dated April 23, 2013 and has yet to remit the balance owed to the Plaintiff.

94. As this balance is owed to the Plaintiff, pursuant to 11 U.S.C.A. § 542, such balance should be turned over to the estate.

### COUNT 9 – TURNOVER OF PROPERTY TO THE ESTATE AS TO GULFPORT ENTERPRISES, LLC

95. To the Plaintiff's knowledge and/or belief, Defendant Gulfport Enterprises, LLC owns and/or operates the Comfort Suites in Gulfport, Mississippi.

96. On March 13, 2009, Defendant Gulfport Enterprises, LLC purchased certain items from the Plaintiff for the Comfort Suites in Gulfport, and the Plaintiff issued an invoice (Invoice No. 5925) to Defendant Gulfport Enterprises, LLC for $265,560.27.

97. On November 17, 2009, Defendant Gulfport Enterprises, LLC purchased certain items from the Plaintiff for the Comfort Suites in Gulfport, and the Plaintiff issued an invoice (Invoice No. 6003) to Defendant Gulfport Enterprises, LLC for $15,000.00.

98. On December 14, 2009, Defendant Gulfport Enterprises, LLC purchased certain items from the Plaintiff for the Comfort Suites in Gulfport, and the Plaintiff issued an invoice (Invoice No. 6012) to Defendant Gulfport Enterprises, LLC for $100,000.00.

99. On January 18, 2010, Defendant Gulfport Enterprises, LLC purchased certain items from the Plaintiff for the Comfort Suites in Gulfport, and the Plaintiff issued an invoice (Invoice No. 6015) to Defendant Gulfport Enterprises, LLC for $128,426.19.

100. On March 4, 2010, Defendant Gulfport Enterprises, LLC purchased certain items from the Plaintiff for the Comfort Suites in Gulfport, and the Plaintiff issued an invoice (Invoice No. 6021) to Defendant Gulfport Enterprises, LLC for $12,769.58.

101. On July 21, 2010, Defendant Gulfport Enterprises, LLC purchased certain items from the Plaintiff for the Comfort Suites in Gulfport, and the Plaintiff issued an invoice (Invoice No. 6031) to Defendant Gulfport Enterprises, LLC for $1,500.00.

102. Defendant Gulfport Enterprises, LLC did not remit any Mississippi sales tax to the Plaintiff when it paid the above-referenced invoices.

103. On April 23, 2013, the Plaintiff transmitted written correspondence to Defendant Gulfport Enterprises, LLC at the Comfort Suites in Gulfport. Such correspondence advised Defendant Gulfport Enterprises, LLC that the Plaintiff had been audited by the Mississippi Department of Revenue and it was determined that the Plaintiff was required to collect sales tax on all of its invoices from 2007 to 2010. Therefore, such correspondence provided written demand to Defendant Gulfport Enterprises, LLC for the

sales tax which should have been collected and is now owed on invoice nos. 5925, 6003, 6012, 6015, 6021, and 6031 within fifteen (15) days.

104. The total amount of sales tax owed by Defendant Gulfport Enterprises, LLC for all the aforementioned invoices is $36,627.92. Defendant Gulfport Enterprises, LLC owes this $36,627.92 to the Plaintiff. Defendant Gulfport Enterprises, LLC never responded to the Plaintiff's written demand dated April 23, 2013 and has yet to remit the balance owed to the Plaintiff.

105. As this balance is owed to the Plaintiff, pursuant to 11 U.S.C.A. § 542, such balance should be turned over to the estate.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff prays this Court enter judgment against each of the Defendants and order that each Defendant turnover the property of the Plaintiff in their possession to the Estate. In addition, the Plaintiff prays that this Court award attorney's fees to the Plaintiff. Furthermore, the Plaintiff prays for any other relief this Court deems proper or necessary.

**RESPECTFULLY SUBMITTED,** this the 16th day of March, 2020.

                               EASTERN SHORE HOSPITALITY AND
                               DESIGN, LLC

By: _____
           James G. McGee, Jr. (MSB #102385)
           McGee Tax Law, PLLC
           125 S. Congress St.
           Capital Towers, Suite 1240
           Jackson, Mississippi 39201
           Telephone: (601) 965-6155
           Facsimile: (601) 965-6166
           E-Mail: jmcgee@mcgeetaxlaw.com
           **COUNSEL FOR DEBTOR**