IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

*In re:*                                              CASE NO.:  14-00715-JCO

EASTERN SHORE HOSPITALITY                                      CHAPTER 7
AND DESIGN, LLC, DEBTOR


KAREN WARD, IN HER OFFICIAL
CAPACITY AS CREDITOR AND SOLE
MEMBER OF EASTERN SHORE HOSPITALITY
AND DESIGN, LLC                                    PLAINTIFF(S)/
                                                   COUNTER-DEFENDANT



VS.                                          ADVERSARY NO.:  20-01016

TWIN PEAKS, LLC; JANKU, INC., A.B.N.K. INC.,
PINEBELT HOTELS, INC., LAUREL HOTEL I, INC.;
HATTIESBURG HOTEL, INC.; B & K MANAGEMENT, INC.;
ELLISVILLE HOSPITALITY, INC.;
and GULFPORT ENTERPRISES, LLC                       DEFENDANT(S)


AND

LAUREL HOTELS I, LLC                               DEFENDANT/
                                                   COUNTER-PLAINTIFF

VS.

EASTERN SHORE HOSPITALITY & DESIGN, LLC
AND KAREN WARD                                     PLAINTIFF(S)/
                                                   COUNTER-DEFENDANTS
_____

**DEFENDANTS' JANKU, INC., A.B.N.K., INC., PINEBELT HOTELS, INC., LAUREL
HOTELS I, INC., HATTIESBURG HOTELS, INC., B & K MANAGEMENT, INC., AND
ELLISVILLE HOSPITALITY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
AND COUNTERCLAIM**
_____

COMES NOW Defendants Janku, Inc. ("Janku"), A.B.N.K., Inc. ("A.B.N.K."), Pinebelt

1

Hotels, Inc. ("Pinebelt"), Laurel Hotels I, Inc. ("Laurel Hotels"), Hattiesburg Hotels, Inc. ("Hattiesburg Hotels"), B & K Management, Inc. ("B & K"), and Ellisville Hospitality, Inc. ("Ellisville Hospitality")(collectively "Defendants"), by and through counsel, and files this, their Answers and Affirmative Defenses to Plaintiff's Eastern Shore Hospitality and Design, LLC's ("Plaintiff") Complaint and Laurel Hotels I, LLC's Counterclaim, as follows:

## ANSWER

## FIRST DEFENSE

The Complaint of the Plaintiff fails to state a claim against Defendants for which relief can be granted, and Defendants therefore move that said Complaint be fully and finally dismissed with prejudice, with all costs thereof to be assessed to the Plaintiff.

## SECOND DEFENSE

To the extent the Complaint may purport to assert a claim for fraud and misrepresentation against these Defendants, Plaintiff has failed to satisfy Rule 9(b) of the Rules of Civil Procedure, being pled without requisite particularity and specificity. Plaintiff has also failed to describe its purported damages with sufficient particularity.

## THIRD DEFENSE

These Defendants plead all applicable statutes of limitation.

## FOURTH DEFENSE

Venue in this matter is improper and the Complaint should either be dismissed or transferred to the appropriate venue.

## FIFTH DEFENSE

There has been an insufficiency of process and the claim must therefore be dismissed.

## SIXTH DEFENSE

There has been an insufficiency of service of process and the claim must therefore be dismissed.

## SEVENTH DEFENSE

Defendants now answer the allegations of the Complaint paragraph by paragraph as follows:

## PARTIES

1. Upon information and belief, Karen Ward is an adult resident citizen of the State of Alabama. Unless expressly admitted, the remaining averments of Paragraph 1 are Denied.

2. The averments of Paragraph 2 pertain to an entity other than the above-named Defendants, and these answering Defendants are without sufficient information to admit or deny. Therefore, the same is Denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. The averments of Paragraph 10 pertain to an entity other than the above-named Defendants, and these answering Defendants are without sufficient information to admit or deny. Therefore, the same is Denied.

11.     Admitted.

## JURISDICTION AND VENUE

12.     Admitted, with the exception that it is denied that this matter is a core proceeding pursuant to 28 U.S.C.A. § 157(b)(2)(E), as the Defendants do not hold any property of the Plaintiff's estate, nor did they at the time the Plaintiff's bankruptcy was committed.

13.     Admitted.

## STATEMENT OF FACTS

14.     It is admitted that upon information and belief, Plaintiff conducted business as a hotel furnishing retailer. Unless expressly admitted, the remaining claims of Paragraph 14 are Denied.

15.     The claims of Paragraph 15 relate to entities other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 15; therefore, the same are Denied.

16.     To the extent that the claims of Paragraph 16 relate to entities other than the answering Defendants, the Defendants are without sufficient information to admit or deny the claims of Paragraph 16; therefore, the same are Denied.  Defendants deny receiving the April 24, 2013, correspondence that Plaintiff claims was mailed to the answering Defendants.

17.     To the extent the claims of Paragraph 17 relate to the actions of entities other than the answering Defendants, Defendants are without sufficient information to admit or deny the claims of Paragraph 17; As such, the same is Denied.  As stated in response to Paragraph 16, Defendants deny receiving the April 24, 2013, correspondence referenced in Paragraph 16.  To the extent Paragraph 17 seeks to impose liability upon the Defendants, the same is Denied.

18.     Upon information and belief, Plaintiff filed for bankruptcy on or about March 7,

2014 and Terri S. Owens is the current Trustee. Unless expressly admitted, the remaining claims of Paragraph 18 are Denied.

19.     The claims of Paragraph 19 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 19; therefore, the same are Denied.

## COUNT I – TURNOVER OF PROPERTY TO THE ESTATE
## AS TO DEFENDANT TWIN PEAKS

20.     The claims of Paragraph 20 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 20; therefore, the same are Denied.

21.     The claims of Paragraph 21 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 21; therefore, the same are Denied.

22.     The claims of Paragraph 22 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 22; therefore, the same are Denied.

23.     The claims of Paragraph 23 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 23; therefore, the same are Denied.

24.     The claims of Paragraph 24 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 24; therefore, the same are Denied.

25.     The claims of Paragraph 25 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph

Case 20-01016    Doc 12    Filed 05/27/20    Entered 05/27/20 15:00:38    Desc Main
                          Document        Page 5 of 23

25; therefore, the same are Denied.

26.     The claims of Paragraph 26 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 26; therefore, the same are Denied.

27.     The claims of Paragraph 27 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 27; therefore, the same are Denied.

28.     The claims of Paragraph 28 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 28; therefore, the same are Denied.

29.     The claims of Paragraph 29 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 29; therefore, the same are Denied.

## COUNT 2 – TURNOVER OF PROPERTY TO THE ESTATE
## AS TO DEFENDANT JANKU, INC.

30.     Admitted.

31.     Defendant Janku is without sufficient information to admit or deny the claims of Paragraph 31, so the same are Denied.

32.     Defendant Janku is without sufficient information to admit or deny the claims of Paragraph 32, so the same are Denied.

33.     Denied.

34.     The claims of Paragraph 34 relate to actions of entities other than just Janku, and as such, Janku is without sufficient information to admit or deny; as such, the claims are Denied. Janku denies that it received an April 23, 2013, correspondence from Plaintiff, and Janku also

6

denies that it owes Plaintiff any money or damages whatsoever.

35.     Denied.

36.     Denied.

## COUNT 3 – TURNOVER OF PROPERTY TO THE ESTATE
## AS TO DEFENDANT A.B.N.K., INC.

37.      Admitted.

38.     Defendant A.B.N.K. is without sufficient information to admit or deny the claims of Paragraph 38, so the same are Denied.

39.     Defendant A.B.N.K. is without sufficient information to admit or deny the claims of Paragraph 39, so the same are Denied.

40.     Defendant A.B.N.K. is without sufficient information to admit or deny the claims of Paragraph 40, so the same are Denied.

41.     Defendant A.B.N.K. is without sufficient information to admit or deny the claims of Paragraph 41, so the same are Denied.

42.     Denied.

43.     The claims of Paragraph 43 relate to actions of entities other than just A.B.N.K., and as such, A.B.N.K. is without sufficient information to admit or deny; as such, the claims are Denied. A.B.N.K. denies that it received an April 23, 2013, correspondence from Plaintiff, and A.B.N.K. also denies that it owes Plaintiff any money or damages whatsoever.

44.     Denied.

45.     Denied.

## COUNT 4 – TURNOVER OF PROPERTY TO THE ESTATE
## AS TO DEFENDANT PINEBELT HOTELS, INC.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

## <u>COUNT 5 – TURNOVER OF PROPERTY TO THE ESTATE<br>AS TO DEFENDANT LAUREL HOTELS, INC.</u>

52.     Admitted.

53.     Defendant Laurel Hotels is without sufficient information to admit or deny the specific claims of Paragraph 53 other than it is admitted that Laurel Hotels purchased furniture, fixtures, and equipment from Plaintiff in 2009.   Unless specifically admitted, the claims of Paragraph are Denied.  It is expressly denied that Defendant Laurel Hotels owes Plaintiff any money or damages whatsoever.

54.     Defendant Laurel Hotels is without sufficient information to admit or deny the specific claims of Paragraph 54 other than it is admitted that Laurel Hotels purchased furniture, fixtures, and equipment from Plaintiff in 2009.   Unless specifically admitted, the claims of Paragraph are Denied.  It is expressly denied that Defendant Laurel Hotels owes Plaintiff any money or damages whatsoever.

55.     Defendant Laurel Hotels is without sufficient information to admit or deny the specific claims of Paragraph 55 other than it is admitted that Laurel Hotels purchased furniture, fixtures, and equipment from Plaintiff in 2009.   Unless specifically admitted, the claims of Paragraph are Denied.  It is expressly denied that Defendant Laurel Hotels owes Plaintiff any money or damages whatsoever.

56.     Defendant Laurel Hotels is without sufficient information to admit or deny the

specific claims of Paragraph 56 other than it is admitted that Laurel Hotels purchased furniture, fixtures, and equipment from Plaintiff in 2009.  Unless specifically admitted, the claims of Paragraph are Denied.  It is expressly denied that Defendant Laurel Hotels owes Plaintiff any money or damages whatsoever.

57.     Defendant Laurel Hotels is without sufficient information to admit or deny the specific claims of Paragraph 57 other than it is admitted that Laurel Hotels purchased furniture, fixtures, and equipment from Plaintiff in 2009.  Unless specifically admitted, the claims of Paragraph are Denied.  It is expressly denied that Defendant Laurel Hotels owes Plaintiff any money or damages whatsoever.

58.     Defendant Laurel Hotels is without sufficient information to admit or deny the specific claims of Paragraph 58 other than it is admitted that Laurel Hotels purchased furniture, fixtures, and equipment from Plaintiff in 2009.  Unless specifically admitted, the claims of Paragraph are Denied.  It is expressly denied that Defendant Laurel Hotels owes Plaintiff any money or damages whatsoever.

59.     Defendant Laurel Hotels is without sufficient information to admit or deny the specific claims of Paragraph 59 other than it is admitted that Laurel Hotels purchased furniture, fixtures, and equipment from Plaintiff in 2009.  Unless specifically admitted, the claims of Paragraph are Denied.  It is expressly denied that Defendant Laurel Hotels owes Plaintiff any money or damages whatsoever.

60.     Defendant Laurel Hotels is without sufficient information to admit or deny the specific claims of Paragraph 60 other than it is admitted that Laurel Hotels purchased furniture, fixtures, and equipment from Plaintiff in 2009.  Unless specifically admitted, the claims of Paragraph are Denied.  It is expressly denied that Defendant Laurel Hotels owes Plaintiff any

money or damages whatsoever.

61.     Defendant Laurel Hotels is without sufficient information to admit or deny the specific claims of Paragraph 61 other than it is admitted that Laurel Hotels purchased furniture, fixtures, and equipment from Plaintiff in 2009.  Unless specifically admitted, the claims of Paragraph are Denied.  It is expressly denied that Defendant Laurel Hotels owes Plaintiff any money or damages whatsoever.

62.     Defendant Laurel Hotels is without sufficient information to admit or deny the specific claims of Paragraph 62 other than it is admitted that Laurel Hotels purchased furniture, fixtures, and equipment from Plaintiff in 2009.  Unless specifically admitted, the claims of Paragraph are Denied.  It is expressly denied that Defendant Laurel Hotels owes Plaintiff any money or damages whatsoever.

63.     Denied.

64.     The claims of Paragraph 64 relate to actions of entities other than just Laurel Hotels, so Laurel Hotels is without sufficient information to admit or deny; as such, the claims are Denied. Laurel Hotel denies that it received an April 23, 2013, correspondence from Plaintiff, and Laurel Hotels also denies that it owes Plaintiff any money or damages whatsoever.

65.     Denied.

66.     Denied.

### COUNT 6 – TURNOVER OF PROPERTY TO THE ESTATE AS TO DEFENDANT HATTIESBURG HOTELS, INC.

67.     Admitted.

68.     Defendant Hattiesburg Hotels is without sufficient information to admit or deny the claims of Paragraph 68, so the same are Denied.

69.     Defendant Hattiesburg Hotels is without sufficient information to admit or deny the

claims of Paragraph 69, so the same are Denied.

70.     Defendant Hattiesburg Hotels is without sufficient information to admit or deny the claims of Paragraph 70, so the same are Denied.

71.     Defendant Hattiesburg Hotels is without sufficient information to admit or deny the claims of Paragraph 71, so the same are Denied.

72.     Denied.

73.     The claims of Paragraph 73 relate to actions of entities other than just Hattiesburg Hotels, and as such, Hattiesburg Hotels is without sufficient information to admit or deny; as such, the claims are Denied. Hattiesburg Hotel denies that it received an April 23, 2013, correspondence from Plaintiff, and Hattiesburg Hotels also denies that it owes Plaintiff any money or damages whatsoever.

74.     Hattiesburg Hotels denies that it received the April 23, 2013 correspondence claimed by Plaintiff in Paragraph 74, and it is Denied that Hattiesburg Hotels owes Plaintiff any money or damages whatsoever.

75.     Denied.

<u>**COUNT 7 – TURNOVER OF PROPERTY TO THE ESTATE<br>AS TO DEFENDANT B&K MANAGEMENT, INC.**</u>

76.     Admitted.

77.      Defendant B & K is without sufficient information to admit or deny the claims of Paragraph 77, so the same are Denied.

78.     Defendant B & K is without sufficient information to admit or deny the claims of Paragraph 78, so the same are Denied.

79.     Defendant B & K is without sufficient information to admit or deny the claims of Paragraph 79, so the same are Denied.

80. Defendant B & K is without sufficient information to admit or deny the claims of Paragraph 80, so the same are Denied.

81. Denied.

82. The claims of Paragraph 82 relate to actions of entities other than just B & K, and as such, B & K is without sufficient information to admit or deny; as such, the claims are Denied. B & K denies that it received an April 23, 2013, correspondence from Plaintiff, and B & K also denies that it owes Plaintiff any money or damages whatsoever.

83. B & K denies that it received the April 23, 2013 correspondence claimed by Plaintiff in Paragraph 83, and it is Denied that B & K owes Plaintiff any money or damages whatsoever.

84. Denied.

## COUNT 8 – TURNOVER OF PROPERTY TO THE ESTATE AS TO DEFENDANT ELLISVILLE HOSPITALITY, INC.

85. Admitted.

86. Defendant Ellisville Hospitality is without sufficient information to admit or deny the claims of Paragraph 86, so the same are Denied.

87. Defendant Ellisville Hospitality is without sufficient information to admit or deny the claims of Paragraph 87, so the same are Denied.

88. Defendant Ellisville Hospitality is without sufficient information to admit or deny the claims of Paragraph 88, so the same are Denied.

89. Defendant Ellisville Hospitality is without sufficient information to admit or deny the claims of Paragraph 89, so the same are Denied.

90. Defendant Ellisville Hospitality is without sufficient information to admit or deny the claims of Paragraph 90, so the same are Denied.

91.     Denied.

92.     The claims of Paragraph 92 relate to actions of entities other than just Ellisville Hospitality, and as such, Ellisville Hospitality is without sufficient information to admit or deny; as such, the claims are Denied. Ellisville Hospitality denies that it received an April 23, 2013, correspondence from Plaintiff, and Ellisville Hospitality also denies that it owes Plaintiff any money or damages whatsoever.

93.     Ellisville Hospitality denies that it received the April 23, 2013 correspondence claimed by Plaintiff in Paragraph 93, and it is Denied that Ellisville Hospitality owes Plaintiff any money or damages whatsoever.

94.     Denied.

## COUNT 9 – TURNOVER OF PROPERTY TO THE ESTATE AS TO DEFENDANT GULFPORT ENTERPRISES, INC.

95.     The claims of Paragraph 95 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 95; therefore, the same are Denied.

96.     The claims of Paragraph 96 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 96; therefore, the same are Denied.

97.     The claims of Paragraph 97 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 97; therefore, the same are Denied.

98.     The claims of Paragraph 98 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 98; therefore, the same are Denied.

99. The claims of Paragraph 99 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 99; therefore, the same are Denied.

100. The claims of Paragraph 100 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 100; therefore, the same are Denied.

101. The claims of Paragraph 101 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 101; therefore, the same are Denied.

102. The claims of Paragraph 102 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 102; therefore, the same are Denied.

103. The claims of Paragraph 103 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 103; therefore, the same are Denied.

104. The claims of Paragraph 104 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 104; therefore, the same are Denied.

105. The claims of Paragraph105 relate to an entity other than the answering Defendants, and the Defendants are without sufficient information to admit or deny the claims of Paragraph 105; therefore, the same are Denied.

Defendants deny that the certain unnumbered paragraph beginning 'WHEREFORE, PREMISES CONSIDERED," following Paragraph 105 of Plaintiff's Complaint. Defendants deny

that Plaintiff suffered any damages or injury or that Defendants owe any money, damages, interest, or attorney's fees to Plaintiff or Plaintiff's bankruptcy estate. Defendants deny that Plaintiff is entitled to any relief whatsoever.

## EIGHTH DEFENSE

These Defendants specifically deny that Plaintiff is entitled to damages in the premises. In the alternative, these Defendants would show that to the extent that it is proven that Plaintiff has suffered damages, then such damages, if any, were the result of the actions or inactions of parties other than these Defendants, for which these Defendants are not liable either directly or vicariously.

## NINTH DEFENSE

Although it is specifically denied that these Defendants acted or failed to act in any manner which caused or contributed to the Plaintiff's injuries and damages, if any, in the alternative, these Defendants would demand application of Mississippi Code Annotated Section 85-5-7, as amended.

## TENTH DEFENSE

While it is specifically denied that any acts or omissions of these Defendants caused or contributed to the alleged injuries and/or damages of the Plaintiff, if any, in the alternative, these Defendants would show that the sole proximate cause, or in the alternative, a proximate contributing cause of the incident in question and the Plaintiff's damages, if any, were the acts or omissions of the Plaintiff.

## ELEVENTH DEFENSE

These Defendants deny each and every material allegation of the Complaint not otherwise responded to herein.

15

## TWELFTH DEFENSE

While it is specifically denied that Plaintiff is entitled to money or damages in the premises, these Defendants would show that said alleged injuries and/or damages, if any, were the result of independent intervening events for which these Defendants are not responsible and have no liability.

## THIRTEENTH DEFENSE

Any claims against these Defendants are barred by waiver or estoppel.

## FOURTEENTH DEFENSE

Defendants hereby include, allege, and incorporate each and every defense available to it as set forth in Rule 12(b)(1)-(7) of the Federal, Mississippi, and Alabama Rules of Civil Procedure concerning: lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief may be granted, and failure to join a necessary party under Rule 19; therefore, Defendants demand that the action pending against them be dismissed with prejudice.

## FIFTEENTH DEFENSE

It is specifically denied that Claimant is entitled to pre or post-judgment interest or attorneys' fees in this matter.

## SIXTEENTH DEFENSE

Plaintiff is/was the person or entity responsible for the collection and payment of any or all Mississippi Sales or Use Taxes, and it is presumed that the Plaintiff collected the tax(es) from Defendants per Miss. Code Ann. § 27-65-3, as amended.

## SEVENTEENTH DEFENSE

Any allegations of the Complaint which can be construed against Defendant and which are not otherwise responded to herein are denied.

## EIGHTEENTH DEFENSE

The Claimant's claims are barred to the extent they are subject to the defenses of payment, accord and satisfaction, settlement, arbitration and award, assumption of risk, discharge in bankruptcy, duress, failure of consideration, fraud, misrepresentation, illegality, injury by fellow servant, laches, license, payment, release, statute of frauds, waiver, consent and ratification, *res judicata*, and collateral estoppel.

## NINETEENTH DEFENSE

Plaintiff's claims, or parts thereof, are barred by the doctrine of unclean hands and/or unjust enrichment.

## TWENTIETH DEFENSE

These Defendants deny that they are in any way liable to Plaintiff in this proceeding, but in the event they are deemed liable, these Defendants aver that any recovery by Plaintiff is barred or subject to a reduction to the extent Plaintiff failed to mitigate its/her damages.

## COUNTERCLAIM
## PARTIES

106.    Eastern Shore Hospitality & Design, LLC ("Eastern Shore") is a limited liability company duly organized in the state of Alabama, registered with the Secretary of State and in good standing, and is the debtor in this proceeding.

107.    Upon information and belief, and per her admission, Karen Ward is an adult

resident citizen of Daphne, Alabama. Alabama who may be served with process at 25558 Friendship Road, Suite C, Daphne, Alabama 36526.

108.     Upon information and belief, and upon her admission, Karen Ward is the sole member of Eastern Shore.  Ms. Ward is also the individual who previously entered into a settlement agreement with Laurel Hotels I, LLC related to litigation that arose between Eastern Shore and Laurel Hotels related to Eastern Shore's sale of goods to Laurel Hotels and invoices that are the subject of this litigation.

## JURISDICTION AND VENUE

109.     This Court has subject matter and personal jurisdiction pursuant to 28 U.S.C.A. §§ 157, 1334, 1367, as well as 11 U.S.C.A. § 542.  Defendant's Counterclaim arises out of the same events related to the adversary proceeding filed by Plaintiff(s), which Plaintiff purports arises from Plaintiff's Chapter 7 Bankruptcy Case.

110.     To the extent the Court finds venue proper in Plaintiff's adversary proceeding, venue in the Southern District of Alabama is proper related to Laurel Hotels' Counterclaim pursuant to the provisions of 28 U.S.C.A. § 1409(a).

## FACTS

111.     Eastern Shore and its sole member Karen Ward conducted business as a hotel furnishing retailer.

112.     In or about 2009, Eastern Shore and Karen Ward sold products to Laurel Hotels I.

113.     Eastern Shore and Karen Ward charged Laurel Hotels I sales tax related to the purchases.  See attached as **Exhibit "A."**

114.     A dispute arose over the accuracy of Eastern Shore's and Karen Ward's charges related to the goods sold to Laurel Hotels, and Eastern Shore filed suit against Laurel Hotels in the

Circuit Court of Jones County, Mississippi; Civil Action No. 2010-39-CV4. See Complaint attached as **Exhibit "B."**

115. Eastern Shore, Karen Ward, and Laurel Hotels reached a settlement in the 2010 litigation, with Eastern Shore and Karen Ward fully and finally resolving and dismissing all claims against Laurel Hotels related to the business relationship between Eastern Shore, Karen Ward, and Laurel Hotels, whether known or unknown. See Order attached as **Exhibit "C."**

116. Further, Eastern Shore and its principal Karen Ward (f/k/a Karen Jones) averred that no other person or entity, including any government agency, was able to assert any lien, claim, or entitlement to any portion of the consideration of the agreement, and they agreed to never bring suit against Laurel Hotels for damages or loss from or as a consequence of the result of the business relations described in the 2010 lawsuit. They also agreed that they would not assist any third-party in bringing suit against Laurel Hotels related to the above-described transactions and business relations.

117. Per the settlement agreement between Eastern Shore (and its principal and sole member Karen Ward) and Laurel Hotels, Eastern Shore and Karen Ward agreed to indemnify Laurel Hotels and to pay all of Laurel Hotels' attorneys' fees and costs related to defending against any suit brought by the Counter-Defendants related to the 2009 business transactions that were the subject matter of the 2010 litigation.

118. The claims of Plaintiffs' Complaint against Laurel Hotels in Plaintiffs' adversary proceeding filed in this Court directly arise and are related to the matters resolved between Eastern Shore, Karen Ward, and Laurel Hotels in 2010.

119. Eastern Shore and Karen Ward have breached the settlement agreement between them and Laurel Hotels, and as such, they are liable for all damages related to that breach and for

Laurel Hotels' attorneys' fees and costs related to defending against the Complaint filed against Laurel Hotels in the adversary proceeding filed in Eastern Shore's bankruptcy lead case (Case No. 14-00715, Dkt. 156).

120.     Further, Eastern Shore's and Karen Ward's Complaint and Amended Complaint against Laurel Hotels and the other Defendants owned by Mr. Bharat B. Patel are frivolous and without merit, as they are all time-barred per authority e.g., *Leisure Dynamics, Inc. v. Falstaff Brewing Corp.*, 298 N.W.2d 33, 39 (Minn. 1980) (citing *United States v. State Tax Commission*, 378 F. Supp. 558, 568 n. 19 (S.D. Miss. 1974), rev'd. on other grounds, 421 U.S. 599, 44 L. Ed. 2d 404, 95 S. Ct. 1872 (1975)) (quoting *Woodrich v. St. Catherine Gravel Co.*, 188 Miss. 417, 195 So. 307 (1940)) (seller's cause of action to seek recovery of uncollected sales tax from buyer accrued on the date of sale and was barred by Minnesota's six-year statute of limitations).

## COUNT I
### (Breach of Contract)

121.     Laurel Hotels incorporates by reference paragraphs 106-120 by reference as if fully stated herein.

122.     Eastern Shore and its sole member and principal Karen Ward breached the settlement agreement between them and Laurel Hotels related to the 2010 litigation that arose from Eastern Shore's and Karen Ward's sale of goods to Laurel Hotels in 2009.

123.     Eastern Shore and Karen Ward are liable for all damages suffered by Laurel Hotels related to their breach of the settlement agreement between the parties including, but not limited to, all of Laurel Hotels' attorneys' fees and costs incurred related to defending against Eastern Shore's Complaint filed in this Court, as well as the Amended Complaint filed by Karen Ward.

124.     Laurel Hotels seeks all damages, fees, and costs incurred in defending against Eastern Shore's and Karen Ward's adversary proceeding filed against Laurel Hotels, including pre

and post-judgment interest, in an amount which will be proven at a hearing or trial in this matter, but in no event less than $75,000.00 exclusive of costs and interest for Laurel Hotels' actual damages and an award of punitive damages for Plaintiffs' willful breach of the 2011 settlement agreement between the parties.

## COUNT II
## (VIOLATION OF MCRP 11 AND MISS. CODE ANN. § 11-55-5 *et. seq.*)

125.     Laurel Hotels incorporates by reference paragraphs 106-124 by reference as if fully stated herein.

126.     Eastern Shore and its sole member and principal Karen Ward have admitted that they sold products to Laurel Hotels, et al in 2009.

127.     As such, if sales taxes were due and uncollected by Eastern Shore and Karen Ward as sellers, which is denied, any cause of action related thereto accrued at the time of sale. See *Leisure Dynamics, Inc.*, 298 N.W.2d at 39.

128.     Eastern Shore's Complaint and Karen Ward's Amended Complaint were time-barred at the time filed, as well as prohibited per the settlement agreement between Eastern Shore, Karen Ward, and Laurel Hotels. Further, they were resolved pursuant to the 2011 settlement agreement reached by Laurel Hotels and Eastern Shore and its sole member and principal Karen Ward.

129.     Pursuant to M.R.C.P. 11 and Miss. Code Ann. § 11-55-5, Laurel Hotels seeks all damages, fees, and costs incurred in defending against Eastern Shore's and Karen Ward's adversary proceeding filed against Laurel Hotels, including pre and post-judgment interest, in an amount which will be proven at a hearing or trial in this matter.

**COUNT III**
**(Intentional/Willful Breach of Contract)**

130.    Laurel Hotels incorporates by reference paragraphs 106-129 by reference as if fully stated herein.

131.    Eastern Shore and its sole member and principal Karen Ward knowingly and intentionally breached the settlement agreement between them and Laurel Hotels related to the 2010 litigation that arose from Eastern Shore's and Karen Ward's sale of goods to Laurel Hotels in 2009, despite having agreed to never bring suit or to assist in a third-party bringing suit against Laurel Hotels in any matter related to the business relationship that gave rise to the 2010 litigation.

132.    Eastern Shore and Karen Ward are liable for all damages suffered by Laurel Hotels related to their intentional and willful breach of the settlement agreement between the parties including, but not limited to, punitive damages and for all of Laurel Hotels' attorneys' fees and costs incurred related to defending against Eastern Shore's Complaint filed in this Court, as well as the Amended Complaint filed by Karen Ward.

133.    Laurel Hotels seeks punitive damages and all actual damages, fees, and costs incurred in defending against Eastern Shore's and Karen Ward's adversary proceeding filed against Laurel Hotels, including pre and post-judgment interest, in an amount which will be proven at a hearing or trial in this matter, but in no event less than $75,000.00 exclusive of costs and interest for Laurel Hotels' actual damages and an award of punitive damages for Plaintiffs' willful breach of the 2011 settlement agreement between the parties.

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff Laurel Hotels I, LLC, prays that this Court enter judgment against Plaintiffs/Counter-Defendants Eastern Shore Hospitality & Design, LLC and its sole member and principal Karen Ward and order that Plaintiffs/Counter-Defendants pay Laurel Hotels I, LLC damages in an amount not less than

22

$75,000.00 plus all attorneys' fees and costs incurred by Laurel Hotels I, LLC in defending against Plaintiffs' Complaint and Amended Complaint filed in this Court, as well as pre and post-judgment interest. Defendant/Counter-Plaintiff prays for any and all other relief the Court deems proper.

**RESPECTFULLY SUBMITTED**, this the 27th day of **May, 2020.**

> **JANKU, INC., A.B.N.K., INC., PINEBELT HOTELS, INC., LAUREL HOTELS I, INC., HATTIESBURG HOTELS, INC., B & K MANAGEMENT, INC., and ELLISVILLE HOSPITALITY, INC.**

BY: _s/ Shirley M. Moore_
THEIR ATTORNEY

SHIRLEY M. MOORE – AL ID #M00122
BURSON ENTREKIN ORR MITCHELL & LACEY, PA
Post Office Box 1289
Laurel, Mississippi 39441-1289
Telephone:     601.649.4440
Facsimile:     601.649.4441
Email:         moore@beolaw.com
   *Attorney for Defendants Janku, Inc., A.B.N.K., Inc.,*
   *Pinebelt Hotels, Inc., Laurel Hotels I, Inc., Hattiesburg Hotels, Inc.,*
   *B & K Management, Inc., and Ellisville Hospitality, Inc.*

**********

## CERTIFICATE OF SERVICE

I, Shirley M. Moore, Attorney for the above named Defendants, do hereby certify that I have this day, May 27, 2020, filed the above and foregoing via the ECF System, which sent notice of such filing to all necessary parties of record.

_s/ Shirley M. Moore_
SHIRLEY M. MOORE